OPINION
{¶ 1} David Walker was found guilty after a bench trial of failure to confine a dog. See R.C. 955.22(C)(1). The offense was charged as a fourth degree misdemeanor because this was a subsequent offense. See R.C. 955.99(E)(1).
 {¶ 2} The trial court imposed and suspended a thirty-day jail sentence, and imposed a fine of $250 and costs. The jail sentence was suspended upon condition (1) that two dogs belonging to Brian Smith, a co-tenant of Walker, be surrendered to Greene County Animal Control; (2) that Walker cooperate with Greene County Animal Control and incur no further violations for five years; (3) that Walker have no additional animals at his residence. (This last condition was stayed "pending no further lack of cooperation (with Animal Control) during the five years."
 I. {¶ 3} Walker's assignments of error on appeal challenge both the finding of guilty and the disposition made by the trial court.
 {¶ 4} "1. The manifest weight of the evidence did not support a finding of guilty against appellant for failing to properly confine a dog."
 {¶ 5} Greene County Animal Control Officer David Turner was the State's only witness. He testified that on August 8, 2003, at 11:35 a.m., he was dispatched to Jasper Road on the report of a German Shepherd dog running loose. Officer Turner observed the dog running loose on Jasper Road. He pulled into Walker's residence at 919 Jasper. The dog came to the residence, but when Turner tried to put a leash on the dog, "it . . . ran into (Walker's) residence." Officer Turner knew that this was Walker's residence from previous complaints "on dogs running loose." Officer Turner could not go to the door of the house because of the locked gate. He tried to contact the occupant by honking and waving a pink citation in front of a surveillance camera, both without success. Before he departed, he affixed the citation to the lock on the gate. Turner cited Walker as the "owner, keeper, or harborer" of the dog, which he knew lived at 919 Jasper. Turner also knew Walker was not the owner of the dog. On cross-examination, Officer Turner stated he had never seen anyone but Walker at 919 Jasper Road, that he had told Walker that he would issue the citation to the true owner if the true owner requested Animal Control to do so, and that he would have done so if he had known the true owner had come to Animal Control to accept responsibility.
 {¶ 6} The defense presented Michelle Norris and Walker as witnesses.
 {¶ 7} Norris testified that she resided at 919 Jasper with her fourteen-year-old child, Walker, and Brian Smith. They were tenants of Chip Lytle. She stated that the German Shepherd belonged to Smith, and that she and Smith both left work early so she could drive Smith to Animal Control before it closed at 4:30. Once they arrived at Animal Control, they were told the citation couldn't be switched to Smith. Norris testified that she owned a wolf hybrid, that Walker owned a Doberman, and that Smith owned the German Shepherd and a Great Dane mixed breed. She said she, Walker, and Smith took care of their own dogs and Walker didn't take responsibility for the others' dogs. She said Smith was currently incarcerated. (The trial occurred September 16, 2003).
 {¶ 8} Walker testified he has lived at 919 Jasper for eight years, that he was at home working on his computer August 8, and recalled no effort by Animal Control to contact him. He said a six-foot chain link fence in good repair confines the dogs when they are outside, and that Smith's German Shepherd was indoors with him on the morning of August 8 and remained inside until two or three p.m., when Walker let the dog out. He said he lets the dog stay in the house when he's there. On August 8, Walker attended a meeting away from his premises and took the citation off the gate as he left and informed Smith and Norris of the citation when they returned from work later that day. In response to a question by the court, Walker said he would not "let (Smith's) dogs starve" while Smith was in jail.
 {¶ 9} In arguing that the finding of guilty is against the weight of the evidence, Walker states in his brief, in part, as follows:
 {¶ 10} "In finding Appellant guilty, the trial court had toblatantly ignore the following facts: 1) the German Shepherd was registered to Smith; 2) Smith lived at the residence with Appellant and Norris; 3) Chip Lytle is the actual owner of the property, Appellant is only one of three tenants; 4) Smith attempted to take responsibility for the dog; 5) Norris and Smith were instructed that the ticket would not be changed; 6) Turner was not present when Smith made his attempt to take responsibility; 7) Turner cited Appellant because of past citations being issued to him; 8) Turner knew the dog was registered to someone other than Appellant; 9) Animal Control refused to follow its own policy to change tickets when the owners take responsibility; 10) Turner was willing to change the ticket if he would have known that Smith had in fact come forward; and, 11) Turner admitted that because no owner was present at the time he went to the residence to advise him as to who to issue the citation to, he just decided, rather arbitrarily, to cite Appellant." (Emphasis ours. To the extent that some of the facts are not contained in our summary of the evidence, we believe Walker's assertions of fact find support in the record).
 {¶ 11} We do not agree that the trial court had to ignore these facts to find Walker guilty.
 {¶ 12} The court had to disbelieve Walker's testimony that the German Shepherd was inside when Officer Turner said it was outside, but that credibility call was for the trial court, and Walker's testimony is not part of his appellate argument.
 {¶ 13} None of Walker's above-recited facts are inconsistent with the court's finding of guilty. Walker was charged in the disjunctive with being the "owner, keeper, or harborer" of the dog.
 {¶ 14} The only issue of consequence is whether the evidence established that Walker was the harborer or keeper of a dog which he did not own.
 {¶ 15} Walker doesn't squarely address this issue, preferring instead to argue that the citation naming him should have been voided upon Smith's stepping forward to take responsibility as owner of the dog.
 {¶ 16} We believe the court acted within its discretion in focusing on whether Walker was the keeper or harborer of the German Shepherd and not whether Animal Control should have voided Walker's citation in favor of charging Smith.
 {¶ 17} Furthermore, we believe the evidence establishes that Walker, at the time in question, was the keeper and/or harborer of the German Shepherd. "(A) keeper has physical control over the dog. . . . a harborer is one who has possession and control of the premises where the dog lives. . . . One can . . . keep and harbor a . . . dog without owning either the dog or the premises where the dog is kept." (Citations omitted). Flint v. Holbrook
(1992), 80 Ohio App.3d 21, 25-6.
 {¶ 18} The evidence established that Walker had lived at 919 Jasper for eight years, and that Smith and Norris were at work and Walker was at home when the alleged offense occurred. Although the trial court rejected Walker's testimony that the German Shepherd was inside when Turner said it was outside, it didn't necessarily reject his testimony to the effect that he had physical control over the dog. Walker testified that he lets the dog stay in the house with him when he's there, and that he let the dog out on August 8 at two or three in the afternoon. Nothing suggests that Walker didn't have possession and control of 919 Jasper Road, where the dog lived. Accordingly, we do not find the finding of guilty to be against the manifest weight of the evidence and overrule the first assignment of error.
 II. {¶ 19} "2. The trial court's sentence of appellant was unlawful and an abuse of discretion."
 {¶ 20} Under this assignment, Walker first argues that the trial court's order that Smith's two dogs be turned over to Animal Control was unlawful. We decline to address this argument because Walker was not aggrieved by the order in that he was not the owner of the dogs. See 4 O.Jur.3d Appellate Review § 111;Midwest Fireworks Mfg. Co. V. Deerfield Twp. Bd. Of ZoningAppeals (2001), 91 Ohio St.3d 174, 177.
 {¶ 21} Turning to the restriction on Walker's adding additional animals to his menagerie, we believe the trial court acted within its discretion. The court actually stayed this restriction pending no future lack of cooperation with Animal Control. Furthermore, the evidence is to the effect that Walker has a number of past "failure to confine" violations, and the court alluded to its concern with the bears that Walker housed on his property and the danger to the community that they posed if they were to escape Walker's premises. The trial court also observed that large dogs running loose can cause accidents. Pursuant to R.C. 2929.51(A)(2), the court was authorized to suspend Walker's thirty-day sentence "upon any terms (it considered) appropriate." Restricting Walker to the animals he currently kept on the premises was well within the discretion granted by this statute.
 {¶ 22} The second assignment is overruled.
 III. {¶ 23} The judgment will be affirmed.
Fain, P.J. and Young, J., concur.